Jesse H. VAUGHN, Relator,

v.

NELSON BROTHERS CONSTRUCTION and Aetna Life & Casualty Insurance Company, Respondents.

No. C0–94–638.

Supreme Court of Minnesota.

Aug. 12, 1994.

Kay Nord Hunt, James C. Searls, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for relator.

Wayne J. Studer, Larry J. Peterson & Associates, St. Paul, for respondents.

OPINION

GARDEBRING, Justice.

The Workers' Compensation Court of Appeals reversed the compensation judge's determination that Minnesota Workers' Compensation Act applied to the employee's out-of-state injuries. We conclude that the employee's situation fits within scope of the Act, and therefore we reverse and remand.

In January 1990, Jesse H. Vaughn was hired in Minnesota by Nelson Brothers Construction, a Minnesota employer, as a permanent, full-time, traveling fixture superintendent. This employment entailed coordinat-

ing and supervising the installation of fixtures at Target stores located in many states. Installation projects at each store were structured according to time schedules; and when one project was completed, the traveling fixture superintendent would move on to the next project. Consequently, each project was considered a temporary job site. Vaughn's paychecks and job assignments were relayed to him from Minnesota, and he traveled to Minnesota from time to time to do certain administrative tasks. Vaughn's last fixture installation project in a Minnesota Target store, however, ended in September 1990.[1]

On June 4, 1992, Vaughn was in Wisconsin working on an 8 or 9–week project when he sustained a knee injury. Vaughn filed a claim for benefits under the Minnesota Workers' Compensation Act. The compensation judge determined Vaughn was entitled to various benefits under the Minnesota Act. The compensation judge based jurisdiction on Minn.Stat. § 176.041, subd. 3 (1992), which provides:

> **Temporary out-of-state employment.** If an employee hired in this state by a Minnesota employer, receives an injury while temporarily employed outside of this state, such injury shall be subject to the provisions of this chapter.

On appeal, the WCCA reversed, deciding Minnesota did not have jurisdiction. Apparently in light of this disposition, the WCCA declined to reach other issues raised by Nelson Brothers and its workers' compensation liability carrier, Aetna Life and Casualty.

While there is no dispute that Vaughn was hired in this state by a Minnesota employer, the issue is whether he was "temporarily employed" outside of this state at the time of his injury. In *Fischer v. Malleable Iron Range Co.*, 303 Minn. 1, 5, 225 N.W.2d 542, 545 (1975), we said the "word 'temporarily,' as used [in a predecessor provision] is used in its most natural and ordinary sense, as meaning not of long duration, not permanent, but for a short time." The WCCA concluded that "implicit in this definition is the idea

that the employee is not permanently employed outside of Minnesota but will return to this state after a short time." *Vaughn v. Nelson Brothers Construction*, 1994 WL 109714 (WCCA filed, March 7, 1994). However, if an employee such as Vaughn has no permanent situs of employment, his employment in any state is temporary.

■ Thus, we must consider the unique class of employees who, like Vaughn, are always at a "temporary location." In his treatise, Professor Larson presents the general notion that jurisdiction should be present where the employment relationship is centered. "In this view, the existence of the employer-employee relation within the state gives the state an interest in controlling the incidents of that relation, one of which incidents is the right to receive and the obligation to pay compensation." 4 Arthur Larson, *The Law of Workmen's Compensation*, § 87.41, at 16–114 (1994). With regard to transitory or traveling employees, Professor Larson states:

> In some kinds of employment, like trucking, flying, selling or construction work, the employee may be constantly coming and going without spending any longer sustained periods in the local state than anywhere else; but having rooted his status in the local state by the original creation of the relation there, he does not lose it merely on the strength of the relative amount of time spent in the local state as against foreign states. He loses it only when his regular employment becomes centralized and fixed so clearly in another state that any return to the original state would itself be only casual, incidental and temporary by comparison. This transference will never happen as long as his presence in any state, even including the original state, is by the nature of his employment brief and transitory.

*Id.* § 87.42(b), at 16–120 to 16–123. Minnesota's provision concerning temporary out-of-state employment, to be sure, does not fit precisely the situation posed by transient or traveling employees, but it seems to us the

---

1. At the time he was hired, Vaughn resided in Texas. In February 1991, he moved to Iowa; and about 6 months later, he moved to Florida where he completed a number of projects for Nelson Brothers Construction.

"employment relation" test is a legitimate manner by which to define the scope of coverage. Too narrow a construction would pose the danger of coverage by no state.[2]

██ Employees whose work activity, by its very nature, is transient constitute a unique class. The fact that they may spend a significant amount of time in one state does not detract from the essentially transitory nature of the activity in which they engage. Although the quantity of time an employee spends in a single locale may be a factor in the determination of the situs of the employment relation, it should not be controlling. In this case, the facility that controlled Vaughn and determined his assignments was in Minnesota; the source of remuneration was in Minnesota; Vaughn would travel to Minnesota for administrative tasks; and his employment had not become "centralized and fixed * * * clearly in another state * * *." Larson, *supra*, § 87.42(b), at 16–122. We therefore conclude Vaughn's situation was "reasonably within the scope of the statutory objective." *Fischer*, 303 Minn. 1, 5, 225 N.W.2d 542, 545.[3] Consequently, we reverse the WCCA's determination to the contrary and remand for consideration of the remaining issues.

Reversed and remanded.

The employee is awarded $400 in attorney fees.

WAHL, J., and ANDERSON, J., took no part in the consideration or decision of this case.

**2.** Generally the local statute will be applied if the place of injury is within the state; but sometimes the place of injury is not easily identifiable as was the case of an airline employee who sustained injuries while airborne over Cincinnati, Ohio or over Tampa, Florida. *Follese v. Eastern Airlines*, 271 N.W.2d 824, 827 (Minn.1978).

**3.** We do not believe this conclusion is inconsistent with *Morrisette v. Harrison Intern. Corp.*, 486 N.W.2d 424 (Minn.1992), where, under subdivision 2 of section 176.041 (1982), jurisdiction did not extend to injuries sustained by an employee hired in Minnesota by an out-of-state employer to work as a traveling electrical line worker outside of Minnesota. That case turned on whether there had been a transfer out of the state. The instant case involves subdivision 3 of section 176.041 (1992), the employee worked for a Minnesota employer, and the various other factors involved in ascertaining the situs of the employment relation that are present here were not present in *Morrisette*.